## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 137-1 | **DATE** | 12/15/2003 |
| **CASE TITLE** | USA vs. RONALD MIKOS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER: The Court denies the defendant's motions to strike [doc. nos. 54, 55, 56, 57, 58, 59] and motions for a bill of particulars [doc. nos. 60, 61].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 17 2003 date docketed | 104 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | 03 DEC 15 PM 8:56 | 12/15/2003 date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | CG mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 02 CR 137-1 |
| | ) | |
| RONALD MIKOS, | ) | Judge Ronald A. Guzmán |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are defendant's six Motions to Strike in connection with allegations made in the Special Findings of the Superseding Indictment and the Notice of Intent to Seek a Sentence of Death, as well as two Motions for Bill of Particulars with respect to the Superseding Indictment's Notice of Special Findings and the Government's Notice of Intent to Seek a Sentence of Death. As explained in this Memorandum Opinion and Order, the Court denies the motions.

I. **Motions to Strike Statutory and Non-Statutory Aggravating Factors Contained in the Superseding Indictment's Notice of Special Findings and/or the Government's Notice of Intent to Seek a Sentence of Death**

## "Substantial Planning and Premeditation"

Defendant moves to strike the "substantial planning and premeditation" aggravating factor from the Special Findings in the Superseding Indictment and the Notice of Intent to Seek a Sentence of Death. In support of the motion, defendant argues that the factor is vague and overbroad and therefore violates the Fifth and Eighth Amendments. (Mot. Strike Substantial Planning & Premeditation Aggravating Factor From Special Findings in Superseding Indictment & Notice of Intent to Seek Death Penalty ("Def.'s Mot. Strike Sub. Planning & Premed.") at 1.) The defendant adopts this

argument in his motions to strike "particularly vulnerable victim," "obstruction of justice," "victim impact," and "lack of remorse" as well.

Defendant correctly states that aggravating factors are struck down when they are vague to the point of defying definition or, alternatively, are capable of being interpreted as applying to any and all murders. (Def.'s Mot. Strike Sub. Planning & Premed. at 2 (citing *Maynard v. Cartwright*, 486 U.S. 356 (1988); *Godfrey v. Georgia*, 446 U.S. 420 (1980)).) The Supreme Court has held that a vague factor undermines the reliability of a sentencing decision by creating an unacceptable risk that the decision is random, arbitrary and capricious. *Tuilaepa v. California*, 512 U.S. 967, 974-75 (1994); *Stringer v. Black*, 503 U.S. 222, 230-32 (1992). As the government pointed out in its response to defendant's motion, "the vagueness hurdle is surmounted so long as the aggravating factor has some common-sense core of meaning and that criminal juries should be capable of understanding." (Gov't's Resp. at 80 (internal quotations omitted)

This Court does not agree with defendant's assertion that the "substantial planning and premeditation," "particularly vulnerable victim," "obstruction of justice," "victim impact," or "lack of remorse" aggravating factors are vague and defy definition. "Substantial Planning and Premeditation" are words commonly employed and universally understood in the charging and instructing of juries throughout the United States. *See United States v. O'Driscoll*, 203 F. Supp. 2d 334, 344-45 (M.D. Pa. 2002); *United States v. McVeigh*, 944 F. Supp. 1478, 1490 (D. Colo. 1996); *United States v. Cooper*, 754 F. Supp. 617, 623-24 (N.D. Ill. 1990). Defendant fails to cite any case law in support of the conclusion that the "particularly vulnerable victim," "obstruction of

justice," "victim impact," or "lack of remorse" aggravating factors are unconstitutionally vague. This Court is not persuaded by defendant's vagueness arguments as to these aggravating factors and finds the language of these factors to have a common-sense core meaning that should be understood by juries and therefore is not unconstitutionally vague. *Tuilaepa*, 512 U.S. at 973. Furthermore, the terms employed by the government in the "particularly vulnerable victim" aggravating factor precisely track the Federal Death Penalty Act ("FDPA") factor as provided for in 18 U.S.C. § 3593(c)(11).

This Court also disagrees with the defendant's argument that "substantial planning and premeditation" aggravating factor is overbroad and capable of being applied to any and all murders. The Supreme Court in *Arave v. Creech* held that an aggravating circumstance is overbroad and therefore constitutionally infirm if the sentencer fairly could conclude that it applied to every defendant eligible for the death penalty. 507 U.S. 463, 474 (1993). The factor is not overbroad because it adequately serves the constitutionally required narrowing function because "not every murder involves substantial planning and premeditation." (Gov't's Resp. at 83 (citing *United States v. Minerd*, 176 F. Supp. 2d 424, 438-39 (W.D. Pa. 2001)).)

In defendant's reply to the government's "substantial planning and premeditation" response he argues that there is no evidence to support the "substantial" prong of the factor. (*See* Gov't's Resp. at 84-85; Def.'s Reply at 2.) This Court is in agreement with other courts that have held the government is not required to provide specific evidence it will present in support of aggravating factors. *See United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999); *United States v. Nguyen*, 928 F. Supp. 1525, 1545-46 (D. Kan. 1996). Additionally, Section 3593(a) does not require a

3

description of the factors upon which the government intends to rely in seeking a sentence of death. The Statute only requires the government to "set[] forth the aggravating factor or factors that the government . . . proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593(a). The government has abided by Section 3593(a) and does not need to provide the defendant with the evidence it will present to support the substantial portion of the aggravating factor.

At this time, defendant's motion to strike "substantial planning and premeditation" as an aggravating factor is hereby denied. However, defendant's right to raise and reargue this motion is hereby reserved for the penalty phase, if there is one in this matter, and if evidence of "substantial planning and premeditation" is lacking. Furthermore, defendant's vagueness argument for the "particularly vulnerable victim," "obstruction of justice," "victim impact," and "lack of remorse" aggravating factors are denied. Additional arguments made in support of striking these factors will be discussed individually.

### "Particularly Vulnerable Victim"

Defendant moves to strike the statutory aggravating factor of "particularly vulnerable victim" from the Notice of Special Findings in the Superseding Indictment and the Notice of Intent to Seek a Death Sentence because "there is no nexus between any vulnerability of Ms. Brannon and the physical act that resulted in her death." (Mot. Strike Particularly Vulnerable Victim Aggravating Factor From Special Findings in Superseding Indictment & Notice of Intent to Seek Death Penalty ("Def.'s Mot. Strike

4

Partic. Vulnerable Victim") at 2.) Defendant argues this aggravating factor may only be used where the victim is selected because of the vulnerability. (Def.'s Mot. Strike Partic. Vulnerable Victim at 2-3.) In *United States v. Johnson*, the court granted the defendant's motion to strike this aggravating factor because there was no evidence that her physical condition weakened her capacity to resist the explosive blast that killed her. 136 F. Supp. 2d 553, 560 (W.D. Va. 2001). Citing *Johnson, id.*, Mikos argues that "there is no evidence Ms. Brannon was hampered from resisting the shots because of any infirmity" and therefore, with no nexus between the killing and the infirmity, the factor must be stricken. (Def.'s Mot. Strike Partic. Vulnerable Victim at 3.)

However, the plain language of the statute does not require the victim to have been selected because of age, youth, or infirmity, but merely requires that the victim was vulnerable due to one of those qualities. 18 U.S.C. § 3593(c)(11); *Minerd*, 176 F. Supp. 2d at 447. This Court agrees with the government's argument against requiring a causal nexus element with regard to this factor. (Gov't's Resp. at 86-88.) In the case at hand, Ms. Brannon was hampered from resisting her assailant because of her infirmity, which limited her ability to rise from her chair and freely ambulate due to various degenerative conditions from which she suffered. (*Id.* at 88.)

Although this Court does not believe a nexus is required to be found in all cases utilizing a "particularly vulnerable victim" aggravating factor, one could be found in this case. As the government argues, there is a nexus because the defendant knew of Ms. Brannon's health problems and this limitation of her ability to defend herself or attempt to flee and therefore knew it would be easier to shoot her at close range.

Defendant's motion to strike the aggravating factor of "particularly vulnerable

victim" is therefore denied.

### "Obstruction of Justice"

Defendant moves to strike the non-statutory aggravating factor that "the defendant, Ronald Mikos, killed Joyce Brannon in an attempt to obstruct justice, tamper with a witness, and in retaliation for Joyce Brannon's cooperation with authorities." (Notice of Intent to Seek a Sentence of Death ("Gov't's Notice Intent Sent. Death"), Sect. III, ¶ 1.) The principal argument made by defendant in support of its contention that the "obstruction of justice" factor should be stricken is that it is duplicative of the offense charged in the Superseding Indictment and unfairly and unconstitutionally skews the weighing process of the statute in favor of death and thus violates defendant's rights under the Fifth and Eighth Amendment. (Mot. Strike Obstruction of Justice Aggravating Factor From Notice of Intent to Seek Death Penalty ("Def.'s Mot. Strike Obstruc. Just.") at 3.)

Defendant relies on *United States v. McVeigh* and *United States v. Kaczynski* to support his argument. *McVeigh*, 944 F. Supp. at 1489; *United States v. Kaczynski*, No. 96 CR 259 (E.D. Cal. Nov. 7, 1997). However, as the government points out in its response, reliance on these cases is improper because the aggravating factors found to be duplicative and unfair were statutory aggravating factors, whereas the factor being contested in this case is a non-statutory factor. (*See* Gov't's Resp. at 91-92.) Under the FDPA, statutory aggravating factors perform the narrowing function that qualify the underlying criminal conduct for consideration of the death penalty. Therefore, the jury in this case will not consider the non-statutory aggravating factor of "obstruction of justice"

6

until after the narrowing function has occurred and they have found the requisite mental culpability factors plus at least one of the statutory aggravating factors. (*Id.*) The Court is in agreement with *United States v. McCullah*, which held that an aggravating factor which duplicated the charged crime or an element thereof is not improper if the requisite narrowing has already been accomplished. 76 F.3d 1087, 1108 (10th Cir. 1996).

Accordingly, defendant's motion to strike "obstruction of justice" from the Notice of Intent to Seek a Death Sentence is denied.

### "Victim Impact"

Defendant moves to strike from the Notice of Intent to Seek a Sentence of Death the non-statutory aggravating factor that states; "As demonstrated by the victim's personal characteristics as an individual human being and the impact of her death upon her family, friends, and co-workers, the defendant Ronald Mikos, caused injury, harm and loss to the victim'[s] family, her friends, and her co-workers." (Gov't's Notice Intent Sent. Death, Sect. III, ¶ 2.) Defendant moves to strike the victim impact factor on overbreadth grounds.

The defendant acknowledges capital sentencing juries are permitted to consider evidence relating to the victim's personal characteristics and the impact of a murder on the victim's family in deciding whether an eligible defendant should receive a death sentence. (Mot. to Strike Victim Impact Aggravating Factor From Notice of Intent to Seek Death Penalty, "Def.'s Mot. Strike Victim Impact" at 2); *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). However, the defendant argues the victim impact factor utilized in this case is loosely drafted and contains terms that are undefined and innumerable and

7

therefore unconstitutional. (Def.'s Mot. Strike Victim Impact at 2.) He also argues the factor fails to specifically define the term "impact" or the "injury, harm and loss" to the victim's family, friends, and co-workers allegedly caused by the defendant. (*Id.*) In his reply, the defendant also appears to argue that the victim's friends and co-workers should not be permitted to provide such evidence since Section 3493(a) only expressly refers to victim family members. 18 U.S.C. § 3593(a).

The Supreme Court held an aggravating factor is overbroad if the sentencer could conclude that it applied to every defendant eligible for the death penalty. *Creech*, 507 U.S. at 474. Victim impact evidence has routinely been held as inherently individualized to each particular case and therefore not overbroad. *Jones v. United States*, 527 U.S. 373, 402 (1999); *Payne*, 501 U.S. at 827; *United States v. Chanthadara*, 230 F.3d 1237, 1273-74 (10th Cir. 2000); *Minerd*, 176 F. Supp. 2d at 448. "Even though the concepts of victim impact and victim vulnerability may well be relevant in every case, evidence of victim vulnerability and victim impact in a particular case is inherently individualized." *Jones*, 527 U.S. at 401.

The language utilized to describe this factor, except for referral to the victim's friends and co-workers, directly mirrors that used in the FDPA provision authorizing use of such evidence at the sentencing hearing. 18 U.S.C. § 3593(a). Defendant seems to argue that given the express language in Section 3593(a) only referring to the victim's family the evidence in support of this factor must be limited to only the victim's family. (Def.'s Reply at 4.) However, a thorough reading of Section 3593(a) reveals in pertinent part: "The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family . . . *and any*

8

*other relevant information.*" 18 U.S.C. § 3593(a) (emphasis added). Accordingly, this Court's reading of Section 3593(a) is that the section was not intended to limit the evidentiary sources to those explicitly named, but rather to allow any relevant information. In addition, Section 3593(c) states that the "government may present *any* information relevant to an aggravating factor for which notice has been provided under subsection (a)." 18 U.S.C. § 3593(c) (emphasis added). In this case, if there is a penalty phase and the government can establish that evidence from friends and co-workers is relevant to the sentencing, it will be allowed.

For these reasons, the Court denies defendant's motion to strike the victim impact non-statutory aggravating factor from the Notice of Intent to Seek a Death Sentence.

### "Lack of Remorse"

Defendant moves to strike from the Notice of Intent to Seek a Sentence of Death the non-statutory aggravating factor that Ronald Mikos has demonstrated a "lack of remorse" for his criminal conduct. (Gov't's Notice Intent Sent. Death, Sect. III, ¶ 3.) In support of this motion defendant argues that any evidence used to demonstrate a lack of remorse would violate defendant's constitutional right to remain silent and his right to demand a trial by jury. (Mot. Strike Lack of Remorse Aggravating Factor From Notice of Intent to Seek Death Penalty, "Def.'s Mot. Strike Lack Rem." at 1-2.)

The government in response to defendant's argument that his Fifth and Sixth Amendments are violated by the "lack of remorse" factor acknowledges the constitutional constraints and insists it "has no intentions on relying on defendant's silence or failure to testify to establish his lack of remorse." (Gov't's Resp. at 100-01.)

9

Instead the government asserts reliance on evidence of defendant's post-murder spoken words and actions. (*Id.* at 101.) Defendant argues that there is no evidence from the review of discovery to date that would support a lack of remorse factor. (Def.'s Mot. Strike Lack Rem. at 2.) The government in its response has provided some evidence it may introduce to support this factor, however, as the court previously stated, there is no requirement that the government proffer all of its evidence to support each aggravating factor at this time. *See Battle,* 173 F.3d at 1347; *Nguyen,* 928 F. Supp. at 1545-46.

Nevertheless, the Court finds it is improper to rule on the exclusion of "lack of remorse" as an aggravating factor for the Notice of Intent to Seek a Sentence of Death at this time. Instead the court will allow defendant to renew his motion prior to the penalty phase, assuming there is such a phase in this case. "It is then that all parties, including this Court, will have a clearer sense of . . . what specific evidence the Government seeks to introduce." *United States v. Bin Laden,* 126 F. Supp. 2d 290, 304 (S.D.N.Y. 2001).

Defendant's motion to strike "lack of remorse" is therefore denied but his right to renew the motion is reserved for immediately prior to the penalty phase.

### Last Paragraph

Defendant moves to strike the last paragraph from the government's Notice of Intent to Seek a Death Sentence due to several questions about its function and meaning that creates confusion which could affect the jury's ability to follow the court's instructions regarding the weighing of aggravating and mitigating factors. (Motion to Strike Last Paragraph From Government's Notice of Intent to Seek Death Penalty,

"Def.'s Mot. Strike Last Para. Gov't's Notice" at 2.) However, the government in its response explains defendant's concerns regarding confusion of the jury are misplaced because the Notice containing this last paragraph will not be provided to the jury. (Gov't's Resp. at 103-04.) The last paragraph is not meant to be an additional aggravating factor to be submitted to the jury, and therefore this Court finds no reason to strike it. It appears that the defendant and the government are in agreement as well. (Def.'s Mot. Strike Last Para. Gov't's Notice at 6.) Therefore, the motion to strike the last paragraph is denied as moot.

## II. Motions for Bill of Particulars with Respect to (1) Superseding Indictment's Notice of Special Findings and (2) Government's Notice of Intent to Seek a Sentence of Death

Defendant has moved for a bill of particulars as an alternative to striking factors included in the Superseding Indictment's Special Findings and the Government's Notice of Intent to Seek a Sentence of Death. As set forth in Section I above, the defendant's motions to strike are denied, therefore the Court will now address whether a bill of particulars are a necessary alternative.

In the defendant's first Motion for Bill of Particulars he has requested a bill with respect to the Superseding Indictment's Notice of Special Findings that set forth the following:

Ronald Mikos,

(f) Killed Joyce Brannon after substantial planning and premeditation to cause the death Joyce Brannon. (18 U.S.C. § 3593(c)(9)).

(g) Killed Joyce Brannon who was particularly vulnerable due to infirmity. (18

11

U.S.C. § 3593(c)(11)).

(Superseding Indictment, Notice of Special Findings, at 28-29.)

Defendant requests the identification of the acts referred to as "substantial planning and premeditation" and the date, time and location of each act. (Motion for Bill of Particulars With Respect to the Superseding Indictment's Notice of Special Findings, "Def.'s Mot. Bill Part. Superseding Indict. Special Findings" at 1.) Defendant also requests identification of the infirmity referred to in connection with Joyce Brannon and how such infirmity made Joyce Brannon "particularly vulnerable" to the physical act that resulted in her death. (*Id.* at 2.)

Defendant's second motion for Bill of Particulars with respect to the Notice of Intent to Seek a Sentence of Death, in addition to both requests listed above, also seeks a written bill of particulars setting forth the following:

> (3) How or in what manner, the date, time and location in which the defendant, Ronald Mikos, demonstrated Section III, Paragraph 1, that he killed Joyce Brannon in an effort to obstruct justice, tamper with a witness, and in retaliation for Joyce Brannon's cooperation with authorities.
>
> (4) The victim's "personal characteristics as an individual human being" and the "family, friends, and co-workers" referred to in Section III, Paragraph 2. The "impact" of the victim's death on those named and the "injury, harm, and loss" allegedly caused by the defendant.
>
> (5) How or in what manner the defendant, according to Section III, Paragraph 3, "has demonstrated a lack of remorse for his criminal conduct" and the date, time and location of such act.

(Mot. Bill of Particulars with Respect to Government's Notice of Intent to Seek Sentence of Death, "Def.'s Mot. Bill Part. Gov't's Notice Intent Sent. Death" at 2-3.)

Defendant raises two arguments in support of the motions for bills of Particulars.

First, defendant relies on the arguments made in the various Motions to Strike in which he argues an inability to prepare a defense due to the vagueness and overbreadth of the aggravating factors. (Def.'s Mem. Supp. Mot. Bill Part. at 2.) This argument was addressed in each of the Motions to Strike and found insufficient. Secondly, defendant argues his Fifth and Eighth Amendment rights require adequate notice and heightened constitutional consideration because this is a death penalty case. (*Id.* at 3.) Defendant claims that both the Notice of Special Finding and the Government's Notice to Seek a Sentence of Death "contain vague allegations and fail to state with sufficient particularity the nature of the acts alleged" and are therefore in violation of his due process rights. (*Id.* (citing *Lankford v. Idaho*, 500 U.S. 110, 111 (1991); *In re Oliver*, 333 U.S. 257, 273 (1948)).)

A defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). The decision to grant or deny a motion for bill of particulars rests in the discretion of the trial court. Fed. R. Crim. P. 7(f); *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985); *United States v. Johnson*, 504 F.2d 622, 628 n.13 (7th Cir. 1974). In the exercise of that discretion, trial courts have looked to such factors as the complexity of the charged offense, the clarity of the indictment, and the degree of discovery made available to the defendant without the bill. *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981); *United States v. Swiatek*, 632 F. Supp. 985, 987 (N.D. Ill. 1986); *United States v. Lavin*, 504 F. Supp. 1356, 1361 (N.D. Ill. 1981). Additionally, the government correctly argues in its response that "extensive disclosure by the Government" renders a bill of particulars inappropriate. *United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F. 2d 461, 466 (4th Cir. 1979); *see United States*

*v. Canino*, 949 F. 2d 928, 948 (7th Cir. 1991).

The purpose of a bill of particulars is to inform the accused of the charge against him with enough particularity to allow him to prepare his defense, to avoid or minimize the danger of surprise at trial, or to protect him from further prosecution for the same offense because the indictment is insufficient in doing such. *Wong Tai*, 273 U.S. at 82; *Andrus*, 775 F.2d at 843; *Kendall*, 665 F.2d at 134; *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978); *Lavin*, 504 F. Supp. at 1361. A charging document is sufficient and without need for a bill of particulars, if it sets forth the elements of each offense charged, cites the statutes that are violated, and generally identifies the time and place of the defendant's conduct that allegedly violated the statute. *Roya*, 574 F. 2d at 391.

The government in this case has met all of these requirements and more. There is nothing about the complexity of the charges in this case or the clarity of the indictment that would support a need for a bill of particulars. The government's twenty-nine page Superseding Indictment and five-page Notice of Intent to Seek a Sentence of Death details with sufficient particularity the nature of the acts alleged and adequately defines the aggravating factors. Additionally, the government has provided extensive discovery to defendant. The government seems to have fully complied with the requirements of Fed. R. Crim. P. 7(c) and the Fifth and Sixth Amendments.

This Court fears that by ordering the bill of particulars requested by defendant evidentiary exposures will result. A Seventh Circuit court held that if the indictment complies with all requirements, a bill of particulars may not be employed to obtain evidentiary details about the government's case. *United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991). As the government urges in its response, a bill of particulars, "unlike

discovery, is not intended to provide the defendant with the fruits of the government investigation . . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his own investigation." (Gov't's Resp. at 106); *see United States v. Smith*, 776 F. 2d 1104, 1111 (3d Cir. 1985). In this case, the government has provided the defendant with the information necessary, and it is therefore improper to order the government to provide more and risk unnecessary evidentiary exposure.

The Court finds that a reading of the Superseding Indictment and the Notice of Intent to Seek a Sentence of Death permits Mikos to reasonably anticipate the evidence to be introduced at trial and therefore succeeds in providing Mikos notice. Accordingly, his constitutional rights are not being violated, and he will be able to adequately prepare a defense for trial. Both of defendant's Motions for Bills of Particulars are denied in their entirety.

## CONCLUSION

For the foregoing reasons, the Court denies the defendant's motions to strike [doc. nos. 54, 55, 56, 57, 58, 59] and motions for a bill of particulars [doc. nos. 60, 61].

**SO ORDERED**         ENTERED: 12/15/03

HON. RONALD A. GUZMAN
United States Judge