Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 137 - 1 | **DATE** | 5/3/2004 |
| **CASE TITLE** | United States vs. Ronald Mikos | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's request to reset Federal Rule of Criminal Procedure 12.2 notice date to February 28, 2005 is denied. Defendant's Rule 12.2 notice is due October 1, 2004. The government's mental health evaluation, if necessary, shall be completed by December 1, 2004. Trial is set for January 19, 2005 at 9:00 am. Ruling on Government's Motion and Memorandum Regarding Mental Health Evidence [145] to follow by mail. The next status is set for June 18, 2004 at 10:00 am. Time to be excluded under 18 USC Section 3161(h)(8)(B)(i) and U.S. v. Tibboel, 753 F.2d 608 (7th Cir. 1985). (X-T1).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 07 2004 | 176 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| ad | courtroom deputy's initials | 2004 MAY -6 PM 2:47 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | 02 CR 137-1 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| RONALD MIKOS, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
MAY 0 7 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Ronald Mikos' *Ex Parte* Memorandum Setting Forth the Tasks and Time Necessary for the Filing of the Rule 12.2 Notice. Defendant requests that the due date for notice of his intent to present an insanity defense or other mental health evidence at trial under Fed. R. Crim. P. 12.2 (hereinafter "Rule 12.2 notice") be extended from July 1, 2004 to February 28, 2005. For the reasons that follow, the request is granted in part and denied in part.

### Procedural Background

This case was originally slated for trial on February 23, 2004. During a status hearing on January 28, 2004, defendant informed the Court that additional time was necessary to determine whether or not an insanity defense or other mental health evidence would be presented at trial. Trial was rescheduled for April 28, 2004. About two weeks later, the government filed a motion asking the Court to set a deadline by which the defendant would have to give its Rule 12.2 notice. Defendant then filed a detailed *ex parte* request for a further extension of the trial date

1



stating it was impossible to complete the necessary psychological evaluation prior to April 28. Defendant requested that the trial be continued and that the Rule 12.2 notice be due no earlier than September 2004. In an order dated March 2, 2004, the Court continued the trial date and set a July 1, 2004 deadline for defendant's Rule 12.2 notice.

At a status hearing on March 23, 2004, counsel for defendant maintained that the psychological evaluation could not be completed before September 2004. According to the defense, this is largely because the mitigation specialist, Juliet Yackel, needed more time to finish her investigation and prepare a life history report, which the defense avers must be done before the psychiatrist can start his evaluation. In response, the Court ordered counsel to prepare a detailed list of tasks to be completed by the mitigation specialist prior to preparing the life history report. On April 14, 2004, defendant filed a detailed list of tasks and requested yet another extension of the notice date to February 28, 2005.

During a status hearing on April 15, 2004, the government objected to a February 28 notice date, noting that it would push the trial back to at least April 2005. The government acknowledged that defendant deserves a reasonable time in which to do mitigation work, but stated that two years was simply excessive. Further, the government objected to the delay citing its concern over the age and condition of several witnesses and the prolonged anguish and strain on the victim's family. The government urged the court to set a September 1, 2004 notice date – the date previously requested by defendant – and an early October trial date. In the alternative, the government would accept a October 1 notice date and a late October trial date.

## Discussion

Defendant has repeatedly emphasized that preparing a life history report is particularly

2

complicated and time consuming given the defendant's long and troubled life. While this may be so, defendant has been given a wealth of resources to prepare his case. More than a year ago, the Court appointed a psychiatrist, a mitigation investigator, and Ms. Yackel (who was unable to fulfill her obligations in this case and was recently replaced by two other mitigation specialists) to assist counsel in investigating and evaluating defendant's background, including his mental health. Defendant also recently sought approval to hire a neuropsychologist, which was also granted. Defendant is not entitled to unlimited time and resources so that counsel can uncover every unhappy moment of his life in an effort to craft the perfect defense. Rather, counsel should use the available resources to conduct a reasonably thorough investigation within a reasonable amount of time. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"); *Wright v. Walls*, 288 F.3d 937, 947 (7th Cir. 2002) (citing *Rogers v. Israel*, 746 F.2d 1288, 1294 (7th Cir. 1984) ("an attorney's investigation need not be unlimited in scope or unerring in execution, but merely reasonable").

Considering the current status of the investigation and the resources available to defendant, an October 1 notice deadline and January 19, 2005 trial date allow more than sufficient time to prepare an adequate defense. *See United States v. Allen*, 247 F.3d 741, 770 (8th Cir. 2001) (vacated on other grounds) (denying motion for continuance when mitigation specialist quit a month prior to trial, having completed very little investigation, because there was still sufficient time to prepare an adequate defense). Once the notice is given, counsel will have several months to continue preparing the case for trial, during which time counsel may withdraw the notice if they so choose.

3

## Conclusion

For the reasons stated above and on the record at the April 15, 2004 status hearing, defendant's motion is granted in part and denied in part. Defendant's request for an extension is granted, although the request for a notice date of February 28, 2005 is denied. Defendant's Rule 12.2 notice is due on October 1, 2004. The government's mental health evaluation, if necessary, shall be completed by December 1, 2004. Trial is set for January 19, 2005.

SO ORDERED.                           ENTERED: 5/3/04

HON. RONALD A. GUZMAN<br>
United States Judge