Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 137 - 1 | **DATE** | 9/14/2004 |
| **CASE TITLE** | USA vs. RONALD MIKOS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court holds that to the extent that Defendant puts his mental condition into issue, the absence of defense counsel at Defendant's psychiatric examination by a Government expert does not violate the Sixth Amendment, which was the sole remaining controversy with regard to the Government's motion regarding Mental Health Evidence. Accordingly, the Court rejects Defendant's proposed Paragraph 10.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices 200 | |
| ✓ | Notices mailed by judge's staff. | | SEP 16 2004 | |
| | Notified counsel by telephone. | | date docketed | 213 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/14/2004 | |
| CG | courtroom deputy's initials | 2004 SEP 15 PM 4:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | CG mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| RONALD MIKOS, | ) | 02 CR 137-1 |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
SEP 1 6 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is the sole remaining controversy raised in Defendant Ronald Mikos' response to the Government's Motion Regarding Mental Health Evidence: whether the Court must order defense counsel to be present during a Government expert's examination, interview, testing, procedure, or contact involving Defendant. For the reasons provided in this Memorandum Opinion and Order, the Court answers that inquiry in the negative.

## PROCEDURAL HISTORY

The Government moved for the entry of a proposed order regarding mental health evidence. Defendant Mikos responded to the Government's proposed order with objections and proposed provisions of his own. At a status hearing held in early August, the parties acknowledged that they had resolved all of the issues raised in the Government's motion regarding mental health evidence, except one. In Defendant Mikos' response to the government's motion, he suggests the following Proposed Paragraph 10 as a condition of any mental health examination by a Government expert: "Defense counsel may be present with the Defendant during any examination, interview, testing, procedure, or contact of any kind

[(hereinafter "examination")] by any expert for the Government." (Def.'s Resp. Gov't's Mot. & Mem. Regarding Mental Health Evidence at 15.) Defendant argues that counsel's presence is required by the counsel guarantee of the Sixth Amendment to the U.S. Constitution. The Government disagrees and objects to Proposed Paragraph 10.

## DISCUSSION

The question presented is to the extent that this capital Defendant asserts an insanity defense, whether defense counsel's exclusion at a Government expert's examination of Defendant violates Defendant's rights to assistance of counsel guaranteed by the Sixth Amendment. The Sixth Amendment to the U.S. Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." This constitutional guarantee was a result of "the recognition and awareness that an unaided layman had little skill in arguing the law or in coping with an intricate procedural system." *United States v. Ash*, 413 U.S. 300, 307 (1973). "[T]he core purpose of the counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor." *Id.* at 309. However, the counsel guarantee has been extended to "critical confrontations of the accused by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality," *i.e.*, "critical stages of the proceedings." *United States v. Wade*, 388 U.S. 218, 224 (1967) (internal quotations omitted).

Defendant first relies on *Estelle v. Smith*, 451 U.S. 454, 470-71 (1981). The *Estelle* Court held that a defendant has a Sixth Amendment right to assistance of counsel before submitting to a

psychiatric interview by a government expert because that is a critical stage of the criminal process. *Id.* at 469. More specifically, the Court held that after a capital defendant is formally charged, a psychiatric examination without first notifying counsel that the examination will address the issue of defendant's future dangerousness violates the defendant's Sixth Amendment right to counsel. *Id.* at 471. However, the *Estelle* Court stated: "Respondent does not assert, and the Court of Appeals did not find, any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the examination.'" *Id.* n.14 (quoting *Smith v. Estelle*, 602 F.2d 694, 708 (5th Cir. 1979)). Defendant concedes that the *Estelle* Court did not decide whether the presence of counsel during the government's psychiatric examination was required by the Sixth Amendment.

Defendant also relies on *Houston v. State*, in which the Alaska Supreme Court held that the guarantee of effective assistance of counsel provided in Alaska's constitution required the presence of defense counsel during a mid-trial psychiatric interview which was conducted by the prosecution pursuant to a court order. 602 P.2d 784, 795-96 (Alaska 1979). However, the Alaska Supreme Court is "not limited by decisions of the United States Supreme Court or the United States Constitution when [it] expound[s] [its] state constitution; the Alaska Constitution may have broader safeguards than the minimum federal standards." *Roberts v. State*, 458 P.2d 340, 342-43 (Alaska 1969). Thus, how the Alaska Supreme Court chooses to interpret the counsel guarantee provided in Alaska's constitution is not particularly useful in determining the federal standard that this Court must apply.

Next, Defendant relies on *Thomas-Bey v. Smith*, in which a district court in Maryland

3

held that counsel was ineffective for his consenting to a post-trial psychiatric interview of the defendant by the prosecution's expert psychiatrist, his failure to attend the interview, and his failure to investigate whether the psychiatrist was hired by the State and whether the psychiatrist intended to and did ask questions relating to future dangerousness. 869 F. Supp. 1214, 1225-27 (D. Md. 1994), *aff'd mem.*, 67 F.3d 296 (4th Cir. 1995). The crux of the *Thomas-Bey* court's holding, however, was that counsel in that case utterly failed to provide effective assistance "when he consented to the prosecution's request without any reasoned consideration or investigation." *Id.* at 1227. The court's mention of counsel's failure to attend the interview was made only in the context that it was yet another opportunity for counsel to discover whether the psychiatrist was acting in the role as expert for the prosecution and whether he intended to ask questions relating to future dangerousness for purposes of investigating the scope of the interview. *Id.* at 1227 n.7. In the instant case, however, Defendant and his counsel are fully aware of the fact that the mental health expert is hired by the Government. Further, to the extent that Defendant asserts an insanity defense and/or raises mitigation issues, Defendant and his counsel are aware of the fact that issues relating to the rebuttal of such theories will be well within the scope of any examination conducted by the Government's expert. *See Buchanan v. Kentucky*, 483 U.S. 402, 425 (1987) (stating that *Estelle* put counsel on notice that if a mental status defense is raised, defendant should anticipate the prosecution's use of psychological evidence in rebuttal). To be clear, the Government either already has provided or will provide Defendant and his counsel notice of the scope of the examination prior to its occurrence.

4

Accordingly, the Court finds *Thomas-Bey* distinguishable and unpersuasive.[1]

Lastly, Defendant relies on *Baumann v. United States*, 692 F.2d 565, 578 (9th Cir. 1982), in which the court held that "a routine presentence interview of an individual convicted of a noncapital federal offense is not . . . a critical stage of the proceeding in which counsel's presence or advice, is necessary to protect the defendant's right to a fair trial." The *Baumann* court distinguished *Estelle* and held that the defendant had no constitutional right to notice of a presentence interview or opportunity to seek advice of his attorney in making the decision whether to submit to the interview. *Id.* at 577-78. With regard to such notice and advice prior to submitting to an interview, the *Baumann* court stated that "there is a substantial difference between a psychiatric examination of the defendant in a capital case which seeks to elicit evidence from the defendant relating to the critical aggravating factor of dangerousness, and a 'routine' presentence interview restricted to gathering information upon which the district court, in its discretion, may rely when imposing sentence." *Id* at 576 (citations omitted). Thus, *Baumann*'s holding and its language that distinguishes *Estelle* merely iterates *Estelle*'s limited holding, discussed above, and fails to address the issue of whether the Sixth Amendment's counsel guarantee requires counsel's presence during an interview of a defendant by a government mental health expert.

---

[1]Further, the Fourth Circuit, in affirming the district court's ruling that counsel had provided ineffective assistance, also addressed counsel's failure to attend the interview in the context of his failure to make a reasonable investigation or make a reasonable decision that would render other particular investigations unnecessary. *Thomas-Bey v. Nuth*, 67 F.3d 296 (4th Cir. 1995) (unpublished). It is important to note that the Fourth Circuit in *Thomas-Bey* neither questioned nor overruled *United States v. Albright*, 388 F.2d 719, 726 (4th Cir. 1968), in which it held that "a defendant has no federal or state constitutional right to have his attorney present during a psychiatric examination conducted at the instance of the prosecutor."

5

The Government argues that the Sixth Amendment's counsel guarantee does not require counsel's presence at an examination of Defendant by a government mental health expert because the examination in and of itself does not constitute a critical stage of the proceedings. In order for a particular event to constitute a critical stage of the proceedings, the accused must find himself "confronted, just as at trial, by the procedural system, or by his expert adversary, or by both." *Ash*, 413 U.S. at 310. In such situations, the accused must "require[] aid in coping with legal problems or assistance in meeting his adversary." *Id.* at 313. Lastly, an event will not be considered a critical stage of the proceedings where "no possibility arises that the accused might be misled by his lack of familiarity with the law or overpowered by his professional adversary." *Id.* at 317.

The Supreme Court has held that critical stages of the proceedings at which defendant is subject to trial-like confrontation, and thus entitled to the presence of counsel, include a post-indictment identification line-up, *United States v. Wade*, 388 U.S. 218, 236-37 (1967), and a defendant's communications with an undisclosed undercover informant acting for the Government, *United States v. Henry*, 447 U.S. 264, 274 (1980), *Massiah v. United States*, 377 U.S. 201, 205-06 (1964). However, in *United States v. Ash*, 413 U.S. at 321, the Supreme Court held that identification of a defendant through a photographic display is not a critical stage of the proceedings.

The question, then, is whether the government expert's psychiatric examination of Defendant constitutes a trial-like confrontation such that Sixth Amendment protections apply. On that issue, there is ample binding authority in this Circuit. In *United States v. Bohle*, the Seventh Circuit held that it was not an abuse of discretion for a trial court to exclude defense

6

counsel at a government psychiatrist's examination of the defendant. 445 F.2d 54, 67 (7th Cir. 1971), *overruled on other grounds in United States v. Lawson*, 653 F.2d 299, 303 n.12 (7th Cir. 1981). The *Bohle* court quoted with approval *United States v. Albright*, 388 F.2d 719, 726 (4th Cir. 1968), and held that from:

> "[f]rom the intimate and personal nature of the examination, we are satisfied that, except in the unusual case, presence of a third party in a legal and non-medical capacity, would severely limit the efficacy of the examination, and that if defendant's privilege against self-incrimination is given full effect with regard to his inculpatory statements to his examiner, the need for the presence of an attorney is obviated."

*Bohle*, 445 F.2d at 67. The *Bohle* court also stated that "'the instant case involves a psychiatric examination whose subjective nature requires an atmosphere that is conducive to freedom of expression on the part of the examinee.'" *Id.* (quoting *Durst v. Superior Court*, 222 Cal. App. 2d 447, 452-53, 35 Cal. Rptr. 143, 147 (1963)). In *United States v. Greene*, 497 F.2d 1068, 1079-80 (7th Cir. 1974), the Seventh Circuit reaffirmed *Bohle*'s holding and held that where defense counsel has consented to a defendant's examination by a government mental health expert, exclusion of defense counsel from the examination does not violate defendant's Sixth Amendment rights.

Having found binding precedent to guide this Court's decision, the Court need look no further. However, the Government provides the persuasive authority of *United States v. Byers*, 740 F.2d 1104, 1122 (D.C. Cir. 1984) (en banc), in which a plurality rejected the Sixth Amendment claim. The *Byers* plurality stated that "the defendant must be confronted either with the need to make a decision requiring distinctively legal advice--which may occur even in a context in which the prosecutor or his agents are not present--or with the need to defend himself

against the direct onslaught of the prosecutor--which may require some skills that are not distinctively legal, such as the quality . . . of being 'schooled in the detection of suggestive influences.'" *Id.* at 1118.

The *Byers* court held, and this Court agrees, that neither condition exists because at psychiatric interviews, defendant has no strategic legal decisions to make because: (1) once he has put his own sanity at issue he is subject to compulsory examination such that there is no right to refuse to answer the psychiatrist's answer on Fifth Amendment grounds; and (2) he is not confronted by an expert adversary because an examining psychiatrist is neither an adversary in the Sixth Amendment's sense of the term nor an expert in substantive and procedural criminal law. *Id.* at 1118-20. The *Byers* court further noted that "[t]he 'procedural system' of the law . . . is evidently antithetical to psychiatric examination, a process informal and unstructured by design." *Id.* at 1120. "Even if counsel were uncharacteristically to sit silent and interpose no procedural objections or suggestions, one can scarcely imagine a successful psychiatric examination in which the subject's eyes move back and forth between the doctor and his attorney." *Id.* Finally, the *Byers* court stated that an "attorney's presence in such a purely observational capacity, without ability to advise, suggest or object, would have no relationship to the Sixth Amendment's 'Assistance of Counsel.'" *Id.* In addition, this Court agrees with the *Byers* court's reading of *Ash*, which emphasized that "'lack of scientific precision and inability to reconstruct an event are not the tests' for application of the Sixth Amendment guarantee." *Id.* at 1121 (quoting *Ash*, 413 U.S. at 316). Thus, the Court holds that the presence of defense counsel at Defendant's psychiatric examination by a Government expert is not required by the Sixth Amendment.

## CONCLUSION

For the foregoing reasons, the Court holds that to the extent that Defendant puts his mental condition into issue, the absence of defense counsel at Defendant's psychiatric examination by a Government expert does not violate the Sixth Amendment, which was the sole remaining controversy with regard to the Government's Motion Regarding Mental Health Evidence. Accordingly, the Court rejects Defendant's Proposed Paragraph 10.

SO ORDERED        ENTERED: 9/14/04

*Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge