# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 02 CR 137 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| RONALD MIKOS et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The government will present expert testimony from FBI tool marks specialist, Paul A. Tangren. Agent Tangren will testify that firing pins on guns come in a variety of shapes and that Herbert Schmidt, the manufacturer of the weapon allegedly possessed by the defendant, made revolvers with firing pins in the same shape as the firing pin impression found on a spent .22 caliber bullet cartridge recovered from the defendant's car approximately nine days after the murder.

The defendant objects to Agent Tangren's testimony; arguing that because he cannot establish the number of other manufacturers that produce firearms which would leave the same or similar firing pin impression, the evidence is insufficiently probative to be admissible under

1

Fed.R.Evid. 401 and 402. Because the jury is not told how many other manufacturers, and therefore other models of handguns, could have made the same impression, it can not reach a determination as to the extent to which, if any, this tends to prove that the cartridge case in the car was fired by the Herbert Schmidt revolver allegedly owned by Defendant. Defendant further argues that the probative value of such evidence is outweighed by the danger that the jury would be misled and confused. The imprimatur of testimony from an FBI expert would create a substantial likelihood that the jury would be lulled into believing that the evidence had much more probative value than it actually does. Therefore, the testimony should be precluded under Fed. R. Evid. 403.

The government responds by pointing out that this testimony certainly makes it more probable that the bullet in the spent casing found in defendant's car was fired by a revolver manufactured by Herbert Schmidt.[1] Other evidence tends to show that the revolver returned to Defendant by the police just three days prior to the murder was a .22 caliber revolver manufactured by Herbert Schmidt; the victim was killed by .22 caliber bullets which from their markings, could have been fired from a revolver manufactured by Herbert Schmidt; and, finally, the .22 caliber Herbert Schmidt revolver returned to the defendant is now missing - the only one of the several guns returned to him before the murder that is found to be missing after the murder. When considered together, this evidence makes the government's theory, *to wit*, that

---

[1] Certainly if the examination revealed that the firing pin impression was not one made by the type of firing pin used in Herbert Schmidt revolvers, the defense would be allowed to introduce that evidence in order to show that the bullets that came from that spent 22 caliber casing found in the defendant's car after the murder could not have been fired from the gun the government alleges Defendant owned. The spent casing is, therefore, not evidence of his commission of the crime.

Defendant killed the victim by shooting her with his now missing Herbert Schmidt revolver, more likely. The evidence is thus both relevant and highly probative. The court agrees. Further, the fact that the percentage of guns with the same shape firing pin is unknown does not pose a danger of unfair prejudice. This fact does limit the value of the government's evidence as it can be argued that the bullet casing recovered from the car could have been fired from any number of other guns and not from the Herbert Schmidt revolver. But it does not make the government's evidence either irrelevant or unfairly prejudicial. The relevance of this evidence is clear and the probative value outweighs any potential unfair prejudice.

The motion is denied.

**SO ORDERED**

ENTER: MAR 2 8 2005

RONALD A. GUZMAN
**District Judge**